UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLEN GREEN,

    Plaintiff,

vs.                                      CASE NO.:

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL

The Plaintiff, ALLEN GREEN ("Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, WRIGHT NATIONAL FLOOD INSURANCE COMPANY ("Defendant"), the assumed carrier for United Property & Casualty Insurance Company ("United"), and as grounds therefore, state as follows:

### GENERAL ALLEGATIONS
### The parties

1. The Plaintiff is an individual who was and still is the owner of the property insured pursuant to a federal flood insurance policy which is the subject of the herein dispute.

2. United was a private insurance company qualified to do business in the state of Florida and participated in FEMA's "Write Your Own" ("WYO") program for issuance of federal flood insurance policies.

3. United issued a Standard Flood Insurance Policy ("SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiff.

4. United declared insolvency on February 27, 2023.

5. The Defendant is the assumed carrier for United, as reflected on the date of this filing on My Florida CFO's website (https://www.myfloridacfo.com/division/receiver/companies/detail/563), which reflects in pertinent part (under the FAQs):

> ▼ I have flood insurance with United Property & Casualty. What is the status of my insurance policy?
> You may contact Wright National Flood Insurance Services at 1-800-725-9472 with any policy or claims related inquiries.

6. For all purposes material hereto, the Defendant as the assumed carrier is thus the material party-in-interest for United, and stands in its shoes as the Defendant.

7. Upon information and belief, the Defendant now administers the United policy in its capacity as United's assignee.

## Jurisdiction and Venue

8. Jurisdiction herein arises under the National Flood Insurance Act, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, and federal common law, as well as this court's supplemental/pendent jurisdiction.

9. This action having arisen under an applicable federal statute, namely, 42 U.S.C. § 4072, it requires the application of federal law and federal jurisdiction is proper pursuant to 28 U.S.C. Section 1331.

10. The property insured pursuant to the SFIP which provides the basis for this action is located at 5380 Harborage Dr, Fort Myers, FL 33908 ( "Insured Property"), which is situated in the Middle District of Florida, Fort Myers Division, and venue is therefore proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

**Factual Allegations**

11. On or about March 8, 2022, United issued the SFIP to the Plaintiff in the form of Policy Number 1096939986 with effective coverage dates of March 8, 2022 through March 8, 2023.

12. Pursuant to the SFIP, United agreed to pay the Plaintiff for any direct physical loss to the Insured Property caused by or from a "flood" as defined by the policy. In lieu of attaching the policy hereto, the Plaintiff incorporate by reference, as a part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. Section 61, Appendix A(1), which is the policy issued by United during the above-referenced time period.

13. On or about September 28, 2022, while the above-described SFIP was in full force and effect, the storm surge, floodwaters, and rain associated with Hurricane Ian directly caused the Insured Property to be inundated by water, resulting in a catastrophic loss to the Insured Property as well as the Plaintiff's contents/personal property contained therein.

14. As a direct and proximate result of the flooding, the Plaintiff suffered a direct physical loss to their Insured Property, and such loss is a covered risk pursuant to the SFIP.

15. Shortly after the date of loss, Plaintiffs timely notified Defendant of their loss, the Plaintiff timely notified United of their loss, and United assigned the Plaintiff claim number TC8705167853202220220927.

16. On or about October 20, 2022, United's authorized agents inspected the Insured Property.

17. Notwithstanding having ample time to inspect the Insured's Personal Property, take photos, prepare both a report and estimate of the damages, United failed to make a timely coverage determination and failed to adequately indemnify Plaintiff for his loss.

18. In the time since United's insolvency, the Defendant has also failed to make a timely coverage determination and failed to adequately indemnify Plaintiff for his loss.

19. The Plaintiff has incurred flood-related losses and determined the amount to be $27,705.73 ("Loss"), as detailed in the Sworn Statement in Proof of Loss, as well as the contents/personal property list which is attached hereto and incorporated herein as Composite **"Exhibit A"** ("Sworn Statement in Proof of Loss and Contents/ Personal Property List").

20. To date, the Plaintiff has not received the appropriate funds that he is entitled to toward satisfying the amount of loss.

21. On or about November 16, 2023, the Plaintiff notified the Defendant in writing that they were in breach of the SFIP. Proof of that written notice is evidenced by the correspondence attached hereto and incorporated herein as Composite **"Exhibit B"** ("Demand"). The contents/ personal property list incurred directly resulting from the damages from the flood were included within said demand.

22. Despite written demand for payment and ample documentation of the Loss, the Defendant has failed and refused to pay any sums necessary for the contents/ personal property and compensate the Plaintiff for his Loss.

23. All conditions precedent to filing this action have been met or waived by the Defendant.

## COUNT I:
## ACTION FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201(a)

24. Plaintiff reavers and realleges the General Allegations and all of their subparts from paragraphs 1-23 as if set forth fully herein.

25. An actual and justiciable controversy exits between the parties regarding the Defendant's obligations under the SFIP, and whether the Defendant owes additional money to

Plaintiff under the SFIP, and a declaratory judgment is necessary and appropriate to determine the rights and duties of the parties hereto pursuant to 28 U.S.C. § 2201(a).

## COUNT II: BREACH OF CONTRACT

26. Plaintiff reavers and realleges the General Allegations and all of their subparts from paragraphs 1-23 as if set forth fully herein.

27. The SFIP affords coverage to the Plaintiff as follows:

| Type | Coverage |
|---|---|
| Building: | 250,000 |
| Contents: | 69,500 |

28. As of the date of the filing of this action, both United and the Defendant, taking over the Plaintiff's claim thereafter, have failed to: (i) acknowledge all coverage for the Loss; or (ii) acknowledge that payment of insurance proceeds for the Loss will be forthcoming; or (iii) issued any payment of insurance proceeds for the Loss to the Plaintiff.

29. By their failure to acknowledge or tender any amount to address the Loss, the Defendant has materially breached the SFIP.

30. The Defendant has failed to properly indemnify Plaintiff for losses stemming from the Loss, in breach of the SFIP.

31. The Defendant has otherwise failed or refused to comply with the terms and provisions of the SFIP. As a result, the Defendant has breached the SFIP, a contract of insurance herein described.

32. The Plaintiff has suffered and continues to suffer damages resulting from Defendant's breach of the SFIP, which is a written contract.

33. As a direct and proximate consequence of the Defendant's breach of the SFIP, the Plaintiff has not been fully paid or compensated for damage stemming from the Loss.

34. As a direct and proximate consequence of the Defendant's breach of the SFIP, the Plaintiff will incur attorney fees and costs to collect the correct amount due under the SFIP.

**WHEREFORE**, the Plaintiff demands declaratory relief regarding the extent of the Defendant's respective obligations under the SFIP; judgment against the Defendant for an amount up to and including the coverage limits under the SFIP; any and all other amounts payable under the SFIP; attorney fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Judgment Act (EAJA), 28 U.S.C. § 2412; and, any such other further and appropriate relief to which the Plaintiff may be entitled.

### DEMAND FOR JURY TRIAL

Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

Dated this 11th day of December, 2023.

        Respectfully submitted,

        **GED LAWYERS, LLP**
        *Attorneys for the Plaintiff*
        7171 North Federal Highway
        Boca Raton, FL 33487
        Telephone: (561) 995-1966
        Facsimile: (561) 241-0812
        Primary Email: pdlitlaw@gedlawyers.com
        Secondary Email:
        bgoetsch@gedlawyers.com

BY:    */s/Scott M. Rosso*
           SCOTT M. ROSSO, ESQ.
           Florida Bar No.: 505757